# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| TODD RIGBY, an individual; et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a foreign corporation; et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:18-cv-00332-DB-PMW<br><br>District Judge Dee Benson<br><br>Chief Magistrate Judge Paul M. Warner |

District Judge Dee Benson referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is third party National Vendor, LLC's ("National Vendor") motion to quash a subpoena ("Subpoena") issued to National Vendor by Plaintiffs Todd Rigby and Tiffany Rigby (collectively, "Plaintiffs").[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will decide the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

Before addressing the above-referenced motion, the court sets forth the following general legal standards governing discovery. Rule 26(b)(1) provides:

---

[1] *See* docket no. 14.

[2] *See* docket no. 22.

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "The district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion." *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (quotations and citations omitted).

Plaintiffs brought suit against Defendant American Family Mutual Insurance Company ("American Family"), claiming several breaches in their insurance policy after their house was destroyed by fire and water damage, as well as asserting a bad-faith claim. National Vendor, which is not a party to this lawsuit, is a business that provides personal property contents services to insurance carriers. National Vendor provided contents services for American Family with respect to the insurance claim made by Plaintiffs. Plaintiffs issued the Subpoena to National Vendor requesting, in part, its "employee files of the personnel who assisted" on the insurance claims.[3] National Vendor agreed to produce all information requested in the Subpoena except for the above-referenced personnel files. National Vendor seeks a court order limiting the Subpoena and providing protection from producing such personnel files.

---

[3] Docket no. 22, Exhibit A at 2.

In its motion, National Vendor asserts that, since Plaintiffs' claims in this case arose out of a dispute regarding payment of fire and flood claims, Plaintiffs' request for National Vendor's party personnel files is not narrowly tailored and is outside the scope of permissible recovery. National Vendor asserts that such personnel files contain personal, private, and irrelevant information and that discovery of such information "would not lead to the discovery of relevant material."[4]

In response, Plaintiffs assert that the personnel files are related and relevant to their claims against American Family, specifically the bad-faith claim. Plaintiffs argue that they found deposition evidence pointing to bad faith on the part of American Family agents. Plaintiffs also assert that there is evidence that National Vendor personnel have acknowledged the "that American Family's process in not paying Plaintiffs' actual replacement value claim was abnormal."[5]

The Tenth Circuit has explained that "personnel files often contain sensitive personal information . . . and it is not unreasonable to be cautious about ordering their entire contents disclosed willy-nilly." *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648 (10th Cir. 2008). Further, "district courts should not neglect their power to restrict discovery [to protect] a party or person from annoyance, embarrassment, [or] oppression." *Id*. at 649 (alterations in original) (quotations and citations omitted).

---

[4] Docket no. 22 at 3.

[5] Docket no. 23 at 2.

In this case, the Subpoena requests "[a]ll documents evidencing or relating to [Plaintiffs]'s fire/flood claims" from National Vendor, including any "employee files of personnel who assisted" on those claims.[6] The personnel files requested in the Subpoena go beyond the scope of permissible discovery because the requested information likely contains personal and private information of nonparties. Furthermore, production of the entire personnel files would likely disclose information that is not relevant to Plaintiffs' claims against American Family. Had Plaintiffs' request been more narrowly tailored to seek strictly relevant information, the outcome here may have been different. *See Regan-Touhy*, 526 F.3d at 649 ("[H]ad Ms. Touhy issued a more narrowly targeted request . . . , we would face a very different question.").

For the foregoing reasons, National Vendor's motion to quash the Subpoena[7] is GRANTED.

IT IS SO ORDERED.

DATED this 13th day of February, 2019.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge

---

[6] Docket no. 22, Exhibit A at 2.

[7] *See* docket no. 22.